Petitioner. Mr. Nevin for the petitioner, Ms. Tarrant for the respondent. Good morning. We are a special panel of three judges, Judge Tatel, Judge Griffith and myself. Judge Griffith is unable to be with us. You will listen to the transcript tape of the hearing. All three of us have read the pleadings and determined that it would be appropriate for us to have an oral argument. So we're here today. Judge Rogers, Judge Tatel, may it please the court, I'm David Nevin here on behalf of Mr. Mohammed. And I thought that I would begin with the court's order yesterday, directing that we discuss one particular aspect of Rule 902, 902B3, and also Judge Silliman's remarks at the World Today. And I would just say two things about it. First, as you all understand, from my point of view, he clearly is within Rule 902B3 as a result of those two cases. He's referring to Mr. Mohammed. If there were any question about that, he goes on to say a little later, comparing Mr. Mohammed to Mr. Ghailani, another case that was pending at that time, I believe, in the Southern District. He said that what they did, those two, what they did is very different. And it seems to me, just taken on its face, that is expressing an opinion about the guilt of the accused, and it comes within 902B3. What about the government's argument that, well, the judge was a professor of law at the time, and he was simply reflecting publicly available facts, and any reasonable person would understand that he could now behave objectively, judge objectively? Right. And we were talking among ourselves about RIPPO, the United States Supreme Court opinion from earlier this summer, sorry, earlier this spring, that is, yes, it's a due process case, but it says that what the court spoke of was the risk of bias being too high to be constitutionally tolerable. I don't mean to say that I think what you're proposing, Judge Taylor, would be... No, I wasn't proposing anything. Yes, sir, I'm sorry. I just asked you a question. But the question, right. I think when you look at it on its face, you have to say words have meanings, and the words that then Professor Silliman chose have to be taken as having meaning. He's a sophisticated man, no question about that, highly intelligent and schooled and well-spoken, no doubt about any of that, and I think his words have to be taken at face value. And I guess to the extent, and I apologize for characterizing it as a suggestion, but to the extent that one were to argue that it didn't have those actual meaning, the meanings that are clear on the face, in my view, if you circle back to the idea of the court standing and looking at this and saying, is the risk intolerable? And when the person uses this actual language, it seems to me that there is a high risk that he meant what he said, and that he should be held to account for the actual words that the implication of the court's order yesterday might be to say, should the court or would it be appropriate to decide this case just on that narrow issue, on the violation of 902B3? And I say it because I am mindful that we have argued throughout that the court needs to look at the totality of the circumstances. And I think that there are other statements that contribute to the mix, and that would be... Well, let me just stick with the world's, today's statement for a moment. I assume the government may argue that if you read the totality of that statement directly after the first statement about we have conspirators, the professor refers to the fact that the administration has to decide whether to bring this before a military commission or into an Article III court. Arguably, read in that context, the statement is made in the context of acknowledging that a trial has to occur. Yes, but it would be a trial where the defendant, including Mr. Muhammad, would be presumed were, as then-Professor Silliman was, a sophisticated commentator on the legal scene, that you would have been careful to make that distinction, that the charges were only alleged, that you would not have spoken that way if that was not reflecting a judgment that you had made internally. So, do we distinguish, you know, then Justice Rehnquist's opinion in terms of, at the time, the judge was a professor of law and had no client as such, such that he could divorce himself from his own academic remarks? I'm just trying to fit that in with the notion that, as the government argues, you take an oath as a judge and it's not that you wipe your mind clean of everything you ever knew, but you come to the cases with an open mind to decide them on the basis of the evidence and the arguments that are presented, not something you've done beforehand. Well, there are a number of cases, including Williams v. Pennsylvania, for example, where the judge had taken the oath to be an appellate judge after the events in question, which had occurred 30 years previous. And the court said, no, that's, and I recognize it's a different factual context, but it seems to me that if the rule were that simply by taking an oath you reset all of your prior opinions and comments and remarks, then there would never be, well, there would have been many fewer recusals of judges for remarks or actions taken previously. Well, what is the answer to the question you asked yourself there? Do you think that this rule by itself requires the recusal of the judge? I do, Your Honor. Do you, I have a procedural question. Judge Silliman rejected your petition's recusal motion. Yes. Does the military have any procedure to remove a judge it thinks is, has said things that are inconsistent with these rules? In other words, could it have removed the judge himself? I don't know the answer to that question, Your Honor. I'm sorry. I'll know it by the time rebuttal occurs. Okay. I promise you. I'm sorry. All right. Did you want to make another point when you were talking about the implication of the court's order? I thought you were about to go beyond just the rule itself. Thank you, Your Honor. I'm sorry. I wasn't. I can do it simply. It was just to say that our argument has been pointed not only at statements that Judge Silliman has made, but also actions, because we know that, as we argued in our materials after some 10 years, I think actually it's 11 years of serving as a commentator, and really I think you can say fairly touting military commissions as a purpose-built forum for prosecuting, really sometimes literally by name, Mr. Muhammad. Judge Silliman becomes a judge on the Court of Military Commission's review and assigns himself to Mr. Muhammad's case. And at this time he fails to... Why does that make a difference? Well, I don't think it would make a difference but for everything else that has happened in the case. Because I'm looking again at... Just by the way, doesn't the government argue in its brief that you didn't make that argument before Judge Silliman? I believe we, in reply, we indicated that we had made that... Okay, but setting that aside, what difference does that make? I mean, if... Yeah. Suppose this sentence weren't... Suppose his statement weren't quite as clear as it is. Would it make it worse that he had assigned himself to the case? Yes, I think... Why is that? I think it is because we're asking you to look at the totality of the circumstances, and this was what I saw in the implication of the order yesterday, that perhaps you saw that question differently, but we had asked you to look at the totality of the circumstances and what was innocuous in one case and in another case might have meaning. And I think here, when you combine all... Listen, remember... Sorry to interrupt, but remember, your ability to get relief here, it requires it to be clear and indisputable. Yes. You're right. Clear and indisputable. Right. Yeah, and... The way you're arguing now sounds a little less clear and indisputable. It doesn't... I understand. Grab me as... And I don't want to convey that impression, but I mean, as a person who does some technical rock climbing from time to time, sometimes you put in more than one type of protection because you know that if you fall, you want to be sure that you're not going to go all the way to the ground. And similarly, I don't want to walk by any basis or grounds upon which this court might decide that our petition should be granted. But I think whether you look at... And as I said, I think 902B3 by itself requires recusal. But whether you look at it alone or in combination with other remarks that we refer to, such as the remarks about the method of execution and testimony on the matters that are involved in this appeal before the Senate, whether you look at them individually or cumulatively, I believe it is clear and indisputable. I think that it's clear and indisputable that mandamus is an appropriate vehicle for addressing these issues, bias of a judge, and that this is a situation where recusal is required. And I... So I just want to draw the court's attention not only to Judge Silliman's assignment of himself to the case, but his failure to disclose this background to the parties. And I have been in front of many judges over the years who have begun the proceedings by telling the parties that some remote connection the judge has to the case, and just as a matter of full disclosure and an excess of caution. And I would have expected that something like that would have happened here. Well, but I guess the implication of my colleague's observation, it seems to me, is we're looking at a petition for mandamus. Yes. And the totality argument sounds very much like a professor who deals in matters of national security and discusses it, writes about it, gives interviews about it, could never sit as, you know, on a military commission. Yeah. And I... Maybe perhaps in our response to the government citation of Laird v. Tatum when we spoke to this, I by no means am here to say that if a person prior to going on the bench has expressed an opinion somewhere, then they can't. This is the tabula rasa, and no one claims that, that you have to be a tabula rasa. But you have to deal with each situation as it arises in context. And I think it is fair to do that with Judge Silliman's comments. So you would have expected the judge to have said something along the lines of, I've been a professor of law for a number of years. I've been focused on the area of national security. I've written law review articles that are publicly available. I've given media interviews. When all this is a matter of public record for anyone who wants to find out about the judge. Well, I don't know that that's true, Your Honor. One of the things I was going to say was that the vice of not revealing this to the parties comprehensively is that we still don't know everything that all of the comments that Judge Silliman may have made. And I think there are a number of other, maybe on the order of 15 or 20, comments that have been made in the public media that are not included in our papers. Well, we can't rely on any of those because we don't know what they are. Yes, no, I understand. But I don't know that we have our finger on everything. And I just think, take the remark about Mr. Muhammad being guilty, the one that the court cited in his order yesterday, I think it would have been appropriate to have said the party should at least know that I have expressed opinions about Mr. Muhammad's case in the past. And I direct you to this case and these remarks for whatever action you may wish to take. And Judge Silliman did not do that. Wait, wait, what would be the consequences of him doing that? Then you could move to recusal? Yes, sir. You did move to recusal. Yes, sir, we did. I'm pointing you just to the fact of nondisclosure. And I'm saying that that is an action, like the action of the court to enter a judgment after this court had indicated an interest in the recusal argument and a desire to hear it out and deal with it, then getting an opinion out and claiming that that cut off this court's ability to act. I think when you, and really I have to emphasize this is all taking place in a capital case as well, in which the Supreme Court has mandated that there be a high degree of reliability in the processes that the court follows to arrive at a guilty judgment and a death sentence. And I simply say that when you look at these actions together, in addition to the statements, they carry the implication that there is a risk of bias that's too high to be constitutionally tolerable, to put it in the terms that the Supreme Court articulated. All right. All right. Why don't you say the rest of your time before? Thank you. All right. Counsel for Respondent? May it please the Court. This Court should deny the petition for writ of mandamus and prohibition because it is not clear and indisputable  discussing his understanding of the current state of the law as it's relevant to his area of expertise or repeating information that was widely reported in the press about a highly publicized event or after becoming a judge making a single statement endorsing another person's compliment of an attorney. Although petitioner has made allegations about military issues. I'm sorry to interrupt you, but could you just focus on 9023B and the statement we asked you? I mean, I agree with you about the opinions of the law. I agree with you about all of that. Why don't you just focus on this and tell us why, given the clarity of this rule and his statement in World Today, why it isn't clear and indisputable that he's violated this rule? Rule of military commission 902B3 does not apply here because we know this from the fact that the rule for military commissions 902B3 is based on the rule for court-martial 902B3. And in that rule for court-martial, there's an analysis which explains how we interpret that rule. And the analysis explains that this rule for military commissions and court-martial was based on the federal disqualification statute, 28 U.S.C. section 455B3, which provides that a judge may or must disqualify himself in instances where, as a government employee in that capacity, he has made opinions on the merits of the case. Or the appearance of partiality. And in interpreting that rule, the Court of Military Appeals, which was the predecessor to the U.S. Court of Appeals for the Armed Forces, explained that this rule is limited to those statements that a judge makes in his capacity as a judge. And what are those cases? United States v. Bradley, 7MJ332, Court of Military Appeals, 1979. And United States v. Cooper, 8MJ5, Court of Military Appeals, 1979. They're both cited in the analysis in the manual for court-martial on how courts should interpret this rule. And so that rule does not apply here. But even if it did, Professor Silliman, in his capacity as a professor, wasn't expressing an opinion on the guilt or innocence of the petitioner. The Court raises the question of the 2010 article in The World Today. And in that article was about the recent conviction of Ahmed Gailani, who had been a Guantanamo Bay detainee and was convicted of a single terrorism offense related to the 1998 embassy bombings in a federal district court. And the question that the reporter was asking, well, what did this mean? Did the Obama administration signal that this meant that it would try more Guantanamo Bay detainees by a federal district court rather than a military commission? And being asked this question, Judge Silliman, as a professor, was expressing his opinion that, no, this wasn't necessarily the case because the petitioner and his co-accused were still in Guantanamo Bay and no decision had been made about where they would be tried, knowing that there was still going to be a trial. The sentence says, and this is all based on the assumption that this rule applies, you're right. He says, we have the major conspirators still at Guantanamo, Khalid Sheikh Mohammed and four others. He says Khalid Sheikh Mohammed is a major conspirator. And then he goes on and says, when he's comparing them to Gailani, he says the magnitude of what they did is different. So he's clearly saying that Khalid Sheikh Mohammed is guilty of the charges. We must view the comments in their context and through the lens of a reasonable observer who understands all of the relevant facts and who has examined the law on the record. And the record at that time demonstrated that in 2007, the petitioner had stated in his combatant status review tribunal, quote, I was responsible for the 9-11 attacks from A to Z. That was the statement that was published on the front page of the New York Times. Well, if you're viewing this 902B3 through the gloss of the cases you cite, then you have a point if that's what those cases say. But the language of the rule itself would not permit such an interpretation, right? It doesn't say anything about when the statement was made or what the surrounding circumstances is. It's a command to recuse if the judge expressed a view about the guilt or innocence of someone. Well, military courts have said that we would even look at this rule through the lens of an objective and reasonable standard lens. So even looking at that, it is important that the court look at the context and all of the record. And the record not only demonstrated that he made this statement in his combatant status review tribunal in 2007, but he followed that up in his military commission trial in 2008 and 2009 with Appellate Exhibit D-89, in which he announced to the military commission that he wanted to confess to the charges and plead guilty in full. He followed that up with another statement in a pleading in Appellate Exhibit D-101, all available on the military commission's website, that, quote, the accusations against us aren't accusations but rather badges of honor. Well, what do you do about his allegations of torture? Excuse me? In his statement, in his combatant status review tribunal statement, he said that he was making the statement freely and voluntarily and not as a result of coercion or any post-capture treatment. But isn't that yet to be determined? He himself said it, and so it having been reported... I guess you, maybe I'm not clear in the implication of my question. If he was tortured and then says, I want to plead, and then explains, that's what my captors wanted me to say, isn't that a slightly different situation than the one you're positing of a free and voluntary plea? No, that would be later for a determination by a court to make. I see. But when Professor Silman was repeating these statements, he was doing it in his capacity as a professor, just reflecting his understanding of the case as it existed at that time, as it was commonly known. So as I understand it, your position would be that even if we read his statement in World Today to be an expression that he thought this petitioner was guilty, that would not come within the rule at all, and would not come within 28 U.S.C. 455? If you conclude that it's clear and indisputable that he has, in fact, announced his opinion and conclusion that the petitioner is, in fact, guilty as a legal matter, then some courts have said that that is something that the court could conclude that it would disqualify Judge Silman. But that's not what he said. He wasn't making a conclusion or arriving at a conclusion about the guilt or innocence of the petitioner. He was just explaining his current understanding of the case of the law as it had been reported in the press. So given all the statements the petitioner made, it came as no surprise that in a 2009 article, some of which the petitioner includes in his appendix at page A145, the reporter himself referring to the petitioner calls him the self-proclaimed 9-11 mastermind because that's how he's commonly known. And so Professor Silman, in his capacity as a professor, was merely just repeating those statements and was talking about the case in the context of the Gailani case and whether that meant that the Obama administration was making a policy shift, but it wasn't about whether the petitioner was, in fact, guilty or innocent. You can't compare that, then, with the case of Jones v. Trammell. And that's the single case that petitioner cites that involves statements that a judge made before coming to the bench. And there, Judge Jerome Holmes, in his prior capacity as the Deputy Criminal Chief of the U.S. Attorney's Office, said about the defendant in a case in which he later participated in habeas review, he said the evidence was more than enough for the jury to conclude that he should be convicted of murder and, quote, that he deserved to die for his acts, end quote. And even then, the court wasn't willing to say that disqualification under de novo standard review was required, but only that it might lead to the appearance of impropriety. And so, one, courts look at statements that a professor made differently, and, two, in that statement where he was ultimately disqualified from further participation in the case, that statement is what it would take for a judge to be disqualified under discretionary review for statements that he made. So, let me be clear. The two cases that you have cited us at 7MJ and 8MJ, those are cases that are saying we should apply the standard of Section 455 in interpreting this rule? Those cases say that when interpreting that rule, you look at the statements that a judge made in his capacity as a judge. Applying Section 455? Applying rule for court-martial 902E3. You do what? In other words, under those, it only applies to statements. The rule says that a military judge ought to qualify himself, except in the performance of duty as a military judge. Yes. In the same or similar case, except. Yes. That's what it says. In the analysis, though, the court, the analysis explains that this statute or the rule is based on 28 U.S.C. Section 455B3. And that section says that a judge may be disqualified on the basis of statements he made in his government capacity. And in that capacity, made comments about an opinion regarding the guilt or innocence. So do those cases say it doesn't matter what the judge said about the guilt or innocence of the person standing before him before he became a judge? They say that. He may still preside as an adjudicator in that case? No. So they look at all of the cases that cite this rule for court-martial 902B3, upon which the rule for military commission is based, deal only with cases in which a judge has made a statement as a judge. I understand. You've said that twice now. What I'm asking you is, do those cases, which I will read, say that as far as the military is concerned, its own rule, 902B3, doesn't matter? Whatever the judge said before he became a judge, as to the guilt or innocence of the party before him, is not a basis for removing that judge from the case? No, it just applies the rule in the context of statements that a judge made. So it's an open question before the military courts? And if it is, then that is another reason why this case is inappropriate. That's a question. Is it an open question? In other words, have you in your research found any case by a military court, military court of appeals, saying that essentially it's irrelevant what a judge may have said before he or she became a judge? No. And if the court concludes that it is an open question as a result, then that's another basis upon which this court should not grant mandamus review, because it would not be clear and indisputable that a judge may be disqualified under that rule based on statements he made before becoming a judge. So you're asking us to read 902B3 in a particular manner that the military courts have never decided? I'm asking the court to read it in a way that's consistent with the manner in which military courts have read it. But you've acknowledged this issue has never been decided. And if it hasn't, then the court should not grant mandamus review on that basis, because it would be inappropriate where the guidance is unclear. So as a non-military court, we must ignore the plain language of the rule until the military court of appeals tells us what it means in a context it has not previously addressed? No, but the court should take into account how it has been applied by the military courts up until this point. We're going round in circles because we're just trying to understand clearly what the government's position is. And I understand your argument the rule is inapplicable, but you have acknowledged that the military courts have never spoken to the context before this court. That's correct. All right. I just have two questions about the rule. So you say this rule only would require recusal for statements made while he's a judge, right? This rule, yes. Yeah, but the rule says he hasn't expressed an opinion concerning the guilt or innocence. It says he shall disqualify himself as a military judge in a previous trial. It seems to accept statements made while he was a judge. I understand that, but the military courts have applied it, for example, in a case where- No, no, but could you just explain to me how could you interpret a rule that includes an exception for statements made while judge to mean it only applies to statements made by a judge? It was based on 28 U.S.C. Section 455b3, which includes this limiting language about how the statements were made in the capacity of the judge when he was a government employee. But even if the court concludes that this rule applies, it still would not lead to the disqualification of Judge Solomon because his statements cannot be fairly raised as ones in which he was announcing the guilt or innocence of the petitioner. And that's because it's in the context of a different case? Is that why? That's because he wasn't talking about the legal guilt or innocence of the petitioner, but rather was just making a comment about whether it was true that the Gallini conviction, and since he was a Guantanamo Bay detainee, indicated that the Obama administration intended to try additional Guantanamo Bay detainees by a federal district court rather than a military commission, to the extent that he was referring to petitioner's case. It was within that context, and it was just speaking about the case in a way that had been commonly known up until that point. So under your interpretation of this rule, if suppose the statement in the world today, suppose it had none of this ambiguity. Suppose he had simply said, College Chief Muhammad is guilty of all charges against him. This is while he was a professor. This rule still would not require his recusal, right? Because those were not said in the capacity of the judge. Right, but if the court concludes that it does apply to even statements that a judge made before he became a judge, then a statement like that may lead to his disqualification. Okay. I want to ask you the same question I asked Ms. Schumether. So could I just be very clear on your response to Judge Tatel's question? If it is true that, and if the court interprets the rule as one, that a judge made even before becoming a judge, and Professor Suleiman made a comment that Petitioner is in fact guilty of these offenses and should be sentenced to death, then that is something that would be a basis for disqualification. And going back to a question that Judge Tatel asked Petitioner's counsel, is there any procedure in the military scheme for removing a judge? I don't believe so, but USCNCR Rule of Practice 25 provides that as far as a disqualification motion goes, that decision is made solely by the judge and would be within his discretion. So in other words, the reason I ask the question is, I ask the question for this reason. Your argument, the government's argument here is that it's not clear and indisputable. Yes. That's your argument. But if Mr. Muhammad is convicted and he raises this issue in an appeal of his conviction, the court will not be limited by the clear and indisputable standard, right? Right. And the reason I'm asking that is, in other words, this could jeopardize a conviction on appeal. And I'm wondering why the government, and the government obviously has an interest in convicting and defending that conviction on appeal. Why would the government put itself in a position where it's allowing a vulnerable issue in a case to remain? Why is it doing that? The government also has an interest in ensuring that the court would not adopt a rule that the petitioner is advocating, because that would expose the judiciary to disqualification motions, if not compel disqualification, even under perhaps a de novo standard of review on the basis of statements that a judge made at issue here, where he was in his prior capacity as a professor simply discussing his understanding of the current state of the law on an area that was specific to his expertise or repeating information that he had learned about the case from press accounts and was just expressing his familiarity with the case and speaking about it in terms as it were commonly understood. And the petitioner offers no limiting principle for how far back the judge— I'm asking you a very different question. My question is, doesn't the military—the military obviously has an interest in ensuring the credibility of the commissions, right? Yes. And obviously that includes ensuring that the judges on it are unbiased and objective, right? Yes. But you're telling me the commission has no—the military has no way for ensuring that, right? The military judge— In other words, having been appointed to the—having been appointed to the court and confirmed, there's nothing the military can do about a judge who—and I'm not saying this judge did that— Well, that—I'm not sure what the government's position would be on that, but— No, no, I wasn't asking that. That's you telling me there's no way the government could do anything, even if it worried about it, right? That there's no way to remove a judge from a panel. I understand that he could be removed for good cause or he could resign. No, no, no. I know he could resign. So he could be removed for good cause? Yes. Who could do that? Uh, suppose the president, but— Oh. But in any event, this wouldn't jeopardize the integrity of the military commission system because— Do you mean removal in the sense of impeachment? Yes. So he'd be removed from sitting on any case. That's correct. He'd no longer be a judge. That's correct. But we're talking about an interim— I understand those are the circumstances under which he would no longer— So it's extreme. Either the judge decides or the president has to remove him. That's my current understanding. Okay. So I understand completely what you think the proper interpretation of this rule is. It is that, number one, it applies only to judges whose statements occur while they're a judge, right? Yes. And number two—and I'm going to ask you if this is right— even with respect to those statements, the court has to apply the objective observer standard, right? Yes. In other words, would—even though he said the defendant was guilty, the question still has to be asked, would a reasonable person, knowing all the facts—right? Yes. Both of those? Yes. So then there's no difference between 902B3 and the rest of the rule. 902B3 is just totally superfluous, right? Well, it's designed to— It adds nothing to 455 or 902A, correct? I think it's designed to address the specific situation in which the courts have applied it. For example, in Bradley, where the defendant had pleaded guilty, he had provided a factual basis for his guilty plea in detail, and then the judge concluded on the basis of that factual averment that the defendant was, in fact, guilty. He later moved to withdraw his guilty plea, and the district court, the judge, allowed him to do so. And then the judge was unable to later sit as the trier of fact in his trial. So the way that the courts have interpreted it is to apply to that situation, because the judge has now obtained detailed factual knowledge that he wouldn't have obtained otherwise about the background and the basis for the conviction that now he should no longer be permitted to serve as the sole trier of fact. Anything else to you? No. Anything further? No. Thank you. Thank you. Counsel for petitioner? Your Honor, I want to say just several things, and I can do it briefly. Well, is one of them going to be responding to the government counsel's argument that 902B3 has a gloss? Yes, sir. And what I was going to say about that is that it assumes that what is really happening here is that 28 U.S.C. 455 is being brought in wholesale. And, in fact, this language is not in. The language we're focusing on here is not in 455. And it has been put into this rule, obviously, as a matter of choice. And then to say that it does not mean what it clearly says is, I think, runs counter to, I guess I would say, common sense or a common way of reading. But what about the two cases government counsel cited? And I'm sorry, Your Honor, the government didn't cite those prior to coming here today, to my knowledge. And so I'm not prepared to deal with them directly. But I think it is important to note, at the very least, that we are talking here about military commissions as opposed to court-martials. And there is a separate set of rules that applies in the military commissions that is separate from the rules for court-martial. And to the extent that they are different would obviously have a different interpretation. And I would request, if the court thinks it is appropriate, the opportunity to address those cases in some sort of subsequent presentation to the court. Because what I heard counsel to the government suggesting was there may be a separate set of rules, but that the military courts have said treat both sets of rules sort of in tandem, that the commission rules should be interpreted as the court-martial rules. I understood her to be saying that as well. And I simply am not in a position to address that because I'm not familiar with the case, not having had it brought to my attention before. But I think you... So let's suppose the government counsel is correct in the reading of those cases that was presented here today. What would your response be? Well, I guess my response would be... And I realize this is off the top, so I'm not suggesting we wouldn't give you an opportunity to consider this. Thank you, Your Honor. I think my response would be that we have focused on 902B3, the language in 902B3, as a result of your order from yesterday. And I still believe that the first phrase of 902 says that a judge should be recused in any proceeding in which that military judge's impartiality might reasonably be questioned. I understand the due process argument to be now phrased in terms of too great a risk that the judge is actually biased. And my suggestion is that when you have a judge who previously stated that the defendant is guilty, and he does state that, it is not some contextual situation. He brings up in this interview, he brings up the conspirators in the 9-11 attacks. He's the one who starts that part of the discussion. And there are, of course, many other statements that we've pointed to in our moving papers. And I submit that there is too great a risk that this judge is impartial for it to be constitutionally tolerable, and that a reasonable person, in the words of Rule 902, that a reasonable person could conclude that the military judge's impartiality might reasonably be questioned. So I can't believe, honestly, that a rule that says, that does not say, that does not contain a limitation of this type, that was not present in 455, that does not contain a limitation to statements made while a judge, that it could reasonably be read to say that. But I guess that would await reviewing the cases specifically and addressing them. All right. Anything further? Good. Nothing further. Why don't we just talk about it first? All right. Thank you. We'll take the case under advisement.
judges: Rogers, Tatel, Griffith